UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 73.151.0.97,<br><br>Defendant. | No. 1:18-cv-01080-MCE-CKD<br><br><br><br>ORDER |

This case is one of twenty-four nearly-identical matters in which plaintiff was ordered to show cause in writing why the court should not impose $250 in sanctions based upon its failure to follow an order of the court. See Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01075-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01076-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01080-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01089-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01304-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02201-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02202-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02203-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02204-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02205-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02206-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02207-MCE-CKD; Strike 3 Holdings, LLC v. John

| | |
|---|---|
| 1 | Doe, 2:18-cv-02208-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02209-MCE- |
| 2 | CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02582-MCE-CKD; Strike 3 Holdings, LLC |
| 3 | v. John Doe, 2:18-cv-02584-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02585- |
| 4 | MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02636-MCE-CKD; Strike 3 Holdings, |
| 5 | LLC v. John Doe, 2:18-cv-02638-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv- |
| 6 | 02639-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02640-MCE-CKD; Strike 3 |
| 7 | Holdings, LLC v. John Doe, 2:18-cv-02641-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, |
| 8 | 2:18-cv-02642-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02643-MCE-CKD. |

Plaintiff has provided an identical response to the orders to show cause in five of these twenty-four cases. See Strike 3 Holdings, 1:18-cv-01075-MCE-CKD, ECF No. 14; Strike 3 Holdings, 1:18-cv-01076-MCE-CKD, ECF No. 14; Strike 3 Holdings, 1:18-cv-01080-MCE-CKD, ECF No. 14; Strike 3 Holdings, 1:18-cv-01089-MCE-CKD, ECF No. 14; Strike 3 Holdings, 1:18-cv-01304-MCE-CKD, ECF No. 9. Presumably, this same response will follow in the remaining cases.

Plaintiff asserts that its failure to comply in these matters was caused by issues with its calendaring procedure and not bad faith. (Id. at 2-3.) Additionally, plaintiff represents that it employed information technology professionals "to address its calendaring procedure and protocol" after previous failures to respond to court orders.[1] (Id. at 2.) However, plaintiff admits that this issue has not been resolved and that it

> has again inadvertently missed a number of status report deadlines. . . . in part, because of [a] lack of adequate staff . . . over the holidays, coupled with additional technological issues. . . .
>
> Because . . . this is a repeat issue that it has not fixed, and so as to not further inconvenience the Court, Plaintiff will be voluntarily dismissing its cases in the Eastern District of California wherein it missed a status report deadline. . . .

---

[1] Plaintiff previously failed to comply with court-ordered deadlines in several other nearly-identical matters, and was explicitly "cautioned to carefully calendar deadlines and follow all future court orders." Strike 3 Holdings, LLC v. John Doe, 1:18-cv-00587-MCE-CKD, ECF No. 16 at 2; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01663-MCE-CKD, ECF No. 12 at 2; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01667-MCE-CKD, ECF No. 13 at 2; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01677-MCE-CKD, ECF No. 12 at 2.

(Id. at 2-3.)  As such, plaintiff requests that no sanctions be issued.  (Id.)  In the alternative, plaintiff requests an opportunity to attend a hearing before the court issues any sanctions.  (Id.)

Eastern District Local Rule 110 clearly provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Federal courts have the inherent power to impose sanctions against attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order.  See Chambers v. NASCO, Inc., 501 US 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 US 752, 764-66, (1980).  "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.  Sanctions are available for a variety of types of willful actions . . ." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002), as amended (Feb. 20, 2002).

"[A] voluntary dismissal does not expunge the . . . [underlying] violation" or bad faith conduct.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990).  Nor does a voluntary dismissal remove the court's inherent authority to order sanctions.

Due process generally requires that a party be afforded an opportunity to be heard before the imposition of sanctions.  See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000).  "The opportunity to brief the issue fully satisfies due process requirements." Id.  However, in the interest of fairness, the court grants plaintiff's request for a hearing on the pending order to show cause, before it decides whether to impose sanctions.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff shall appear before United States Magistrate Judge Carolyn K. Delaney, in Courtroom 24, on Wednesday, January 30, 2019 at 10:00 a.m., for a hearing on the pending order to show cause (ECF No. 13).

Dated:  January 17, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE